UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERTO HERNANDEZ-OREGEL, | Case No.: 08-CR-00166-LHK |
| | Civil Case No.: 11-CV-05753-LHK |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S |
| | MOTION TO SET ASIDE, CORRECT, |
| UNITED STATES OF AMERICA, | OR VACATE SENTENCE PURSUANT |
| | TO 28 U.S.C. § 2255 |
| Respondent. | |

On November 28, 2011, Petitioner Alberto Hernandez-Oregel ("Petitioner"), in *pro se*, filed a Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 ("Petition"). In the Petition, Hernandez-Oregel argues that he was denied his Sixth Amendment right to effective assistance of counsel at his sentencing hearing, resulting in the alleged misapplication of the sentencing guidelines, and imposition of a longer sentence.[1] Specifically, Petitioner argues that the Court misapplied U.S.S.G. § 2L1.2(b)(1)(A), which provides for a 16-level enhancement if defendant has previously been deported after conviction of a crime of violence, and that his counsel did not object to this alleged error of the Court. On March 5, 2012, Petitioner filed a Memorandum in Support of his Motion to Vacate ("Memorandum"). In his Memorandum, Petitioner raised for the first time an additional basis for his Petition, namely that his counsel had coerced him into

---

[1] U.S. District Judge Jeremy Fogel presided over Petitioner's underlying criminal case and sentencing, as well as the incipient stages of the 28 U.S.C. § 2255 Petition. On December 15, 2011, this case was reassigned to the undersigned judge because Judge Fogel became the director of the Federal Judicial Center.

1

Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

entering his guilty plea in violation of Petitioner's right to due process. *See* ECF Nos. 63, 67.[2] On January 30, 2012, the Court issued an Order directing the United States to respond. ECF No. 66. The United States filed its Opposition on June 14, 2012. ECF No. 76.[3]

## I. BACKGROUND

### A. Petitioner's Prior Criminal and Deportation History

Petitioner has a lengthy and sustained criminal history, including felony convictions for corporal injury on a spouse/cohabitant and for possession of a controlled substance; multiple felony convictions for driving under the influence ("DUI"); as well as misdemeanor battery and DUI convictions. *See* Presentence Investigation Report ("PSR"), Exh. C to United States' Answer ("Answer"), at ¶¶ 25-51.

At particular issue in this case is Petitioner's 1981 conviction in Ventura County, California for felony Assault with a Deadly Weapon, in violation of California Penal Code § 245(a). *See*, *Id*. at ¶ 28. *See also* Exh. N to Answer (Abstract of Judgment attached as Judicially-Noticeable Document filed in Ninth Circuit Appeal record). From the records before the Court, Petitioner appears to have been convicted as the result of a jury trial, and was sentenced to a term of imprisonment of six years. *See* Exh. N.

Over the last thirty years California Penal Code § 245(a) has been amended at least three times. However, at the time of Petitioner's conviction, Section 245(a) read in relevant part: "Every person who commits an assault upon the person of another with a deadly weapon or instrument or by means of force likely to produce great bodily injury is punishable by imprisonment . . .." *People v. Jones*, 123 Cal.App.3d 83 (1981)(quoting then-current California Penal Code Section 245(a)).

In addition to his criminal convictions, Petitioner also has been deported twice previously.

### B. Petitioner's Most Recent District Court Proceedings

---

[2] All ECF citations refer to Case No. 08-CR-00166-LHK, unless otherwise noted.
[3] The Government was under the impression that the entire Answer should be filed under seal. Therefore, although the Court had been provided a copy of the filing in 2012, the Answer did not appear on the docket sheet at that time. The Court has subsequently ordered the government to determine which portions of its Answer are appropriate for sealing. ECF No. 75. The government has done so. Therefore, the Answer, which was originally filed on June 4, 2012, appears on the docket as ECF No. 76 with a date of filing of February 27, 2015.

2
Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

1    On March 19, 2008, Petitioner was charged in a single count Information with violation of

2 8 U.S.C. § 1326, Illegal Reentry Following Deportation.[4] ECF No. 6. The Information alleged

3 that Petitioner was found in the United States without the requisite permission after having twice

4 been deported, first on January 8, 1999 and again on April 12, 2002. *Id.*

5    Counsel Nicholas Humy from the office of the Federal Public Defender was appointed to

6 represent Petitioner. While Mr. Humy was counsel for Petitioner, Mr. Humy and the government

7 engaged in plea negotiations for a fast-track offer. On June 24, 2008 the government sent Mr.

8 Humy a letter retracting their offer. The letter states that it was the government's "position that this

9 offer should not have been extended since the defendant has a 28-year history of committing

10 violent or otherwise dangerous crimes." *See* Exh. L to Answer (Letter of June 24, 2008). *See also*

11 Exh. J to Answer (U.S. Probation "Criminal History Report for Fast-Track," on which Report the

12 government Letter presumably relied).

13    On June 26, 2008, Mr. Humy was relieved as counsel for Petitioner, and Mr. James McNair

14 Thompson was appointed as Petitioner's counsel. The Declaration of James McNair Thompson

15 attached to the Answer states that during the time of Mr. Thompson's representation of Petitioner

16 there was no subsequent plea agreement reached with the government.[5] Exh. K to Answer at ¶ 11.

17    Petitioner appeared before the Court two times prior to his change of plea hearing but after

18 Mr. Thompson was appointed as Petitioner's counsel: August 13, 2008,[6] and September 24, 2008.

19 ECF Nos. 32, 33. There is no indication from the record, nor does Petitioner assert, that Petitioner

20 raised with the Court at those times any of the conflict between Petitioner and Mr. Thompson that

21 Petitioner now alleges.

22    **C.    Petitioner's Plea of Guilty**

23    On October 8, 2008 Petitioner pled guilty to the single count of violation of 18 U.S.C.

---

[4] Petitioner waived his right to be indicted on March 25, 2008.
[5] This Declaration has been filed under Seal and pursuant to a protective order. The Court is mindful that certain portions of the Declaration contain representations which reference attorney-client communications and will not disclose those communications.
[6] Petitioner was represented at this hearing by attorney Carleen Arlidge who specially appeared for Mr. Thompson.

3
Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

§ 1326.  *See* Transcript of Proceedings of October 2, 2008, Exh. A to Answer (hereinafter, "Plea Transcript").  The plea was an "open" plea and not made pursuant to any plea agreement with the government.  Petitioner was represented at the change of plea proceeding by Mr. Thompson.

During the plea colloquy, Petitioner and the Court engaged in the following exchange[7]:

THE COURT: Do you understand the charges against you?

THE DEFENDANT: Yes.

THE COURT: Have you had enough time to discuss this with your attorney?

THE DEFENDANT: Yes.

THE COURT: Has your attorney been able to answer any questions you may have had of him regarding this case?

THE DEFENDANT: Yes.

THE COURT: And do you have any complaint about the legal services you've received?

THE DEFENDANT: No.

. . .

THE COURT: Has anyone made any threats against you in order to get you to pled [sic] guilty?

THE DEFENDANT: No.

. . .

THE COURT: Is your decision to plead guilty free and voluntary?

THE DEFENDANT: Yes.

Plea Transcript 5:19-6:18.

The Court confirmed that Petitioner understood that the plea was "what is known as an open plea which means that no one has made any promises" concerning the sentence Petitioner would receive.  Plea Transcript at 7:16-7:25.  Petitioner was also informed by the Court that the maximum penalty allowed for his offense was 20 years in prison.  Petitioner stated that he understood.  *Id*.  As to the elements of the offense, Petitioner admitted them, except that per the argument of Petitioner's

---

[7] Petitioner had been sworn in prior to his testimony and thus was testifying under penalty of perjury.  Plea Transcript 2:25-3:1; 4:12-4:16.

4
Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

counsel, Petitioner only admitted the April 19, 2002 deportation, arguing that the 1999 deportation was "surplusage." Plea Transcript at 3:5-3:24.

During the proceedings, counsel for the government stated that, were the case to go to trial, the government would be able to prove that Petitioner had been convicted of an aggravated felony prior to his removal in April, 2002. Plea Transcript at 11:25-13:2. Petitioner's counsel responded that this allegation regarding the aggravated felony was not part of the Information. Mr. Thompson was also careful to be clear with the Court that the prior felony was not one of the facts to which Petitioner was conceding in entering his plea. *Id*. The Court accepted the plea, and referred the matter to the U.S. Probation Office ("Probation Office") for preparation of a Presentence Investigation Report. Plea Transcript at 13:8-17.

### D.     Petitioner's Sentencing

In advance of the sentencing, the Probation Office filed its Presentence Investigation Report. That report calculated Petitioner's total Offense Level and Criminal History Category. Because of his extensive criminal record, Petitioner was found to be in Criminal History Category VI, the highest level. The PSR calculated Petitioner's total Offense Level as follows: starting at Base Offense Level ("BOL") of 8, due to the crime of conviction; an increase of 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), due to Petitioner's deportation after a conviction for a crime of violence (specifically the 1981 conviction for Assault with a Deadly Weapon); and then a two-level reduction for acceptance of responsibility, for a total Offense Level of 22.[8] Using the total Offense Level of 22 and a Criminal History Category of VI, Petitioner's recommended Guideline sentencing range was 84-105 months. The Probation Office recommended a mid-Guidelines sentence of 90 months.

Prior to the sentencing hearing, Petitioner's counsel submitted a nine-page Sentencing Memorandum to the Court. ECF No. 39. In the Memorandum, counsel for Petitioner argued that Petitioner objected to any sentence in excess of two years as violative of his Sixth Amendment rights. The basis of the argument was that the government had not charged nor proven that

---

[8] At sentencing, Judge Fogel adopted the Probation Officer's recommendation, which included only a two point reduction for acceptance of responsibility. *See* Sentencing Transcript at 13:4-8.

Petitioner had any prior convictions, no jury had found any such convictions, nor had Petitioner admitted to having any prior convictions. Counsel for Petitioner argued that while no case at that time had so held, under the reasoning of existing law, any fact such as a prior conviction which would increase Petitioner's sentencing exposure above two years had to be found by a jury.[9]

On January 28, 2009, Petitioner appeared before the Court for sentencing. The Court indicated that it had read the Petitioner's Sentencing Memorandum, as well as the PSR and the government's Sentencing Memorandum.[10] *See* Transcript of Proceedings of January 28, 2006, Exh. B to Answer ("Sentencing Transcript") at 2:16-20. The Court first addressed Petitioner's Sentencing Memorandum argument that the Court could not consider Petitioner's prior conviction in fashioning a sentence. The Court rejected this argument and held that it would in fact consider Petitioner's prior felony in deciding the applicable guideline range and the maximum allowable sentence. Sentencing Transcript at 3:4-3:19. Inclusion of Petitioner's 1981 conviction for assault with a deadly weapon comported with the 16-level enhancement of Petitioner's base offense level as calculated in the PSR. This enhancement serves as a ground for this 18 U.S.C. § 2255 Petition.

The Court sentenced Petitioner to a prison sentence of 90 months, noting that the sentence was fashioned to take into account Petitioner's "particularly serious criminal history" and also finding that the record did not demonstrate that Petitioner had taken any personal responsibility for his actions. Sentencing Transcript at 4:1-4:6; 7:22-10:11.

Prior to imposing a sentence, the Court gave Petitioner an opportunity to address the Court. Petitioner did not use this opportunity to raise any concerns either as to the voluntariness of his plea, or regarding the Court's indication that it would be including his prior conviction in the sentence computation. Sentencing Transcript at 11:10-11:19.

**E.    Post-Sentencing Filings**

---

[9] Counsel for Petitioner also argued that 24 months was the appropriate sentence under *United States v. Booker*, 543 U.S. 220 (2005), applying the 18 U.S.C. § 3553(a) factors.
[10] The government's Sentencing Memorandum agreed with the PSR, although it further reduced Petitioner's offense level by an additional point for acceptance of responsibility for a total offense level of 21, with a Guidelines sentencing range of 77-96 months. The government recommended to the Court a high end Guidelines sentence of 96 months.

On February 2, 2009 Petitioner filed in *pro se* both a Motion to Dismiss on Newly Founded [sic] Ground, and a Motion to Vacate Judgment. ECF Nos. 41, 42. On February 4, 2009 Petitioner filed an Amendment to the Motion to Vacate Judgment. ECF No. 43.

The Motion to Dismiss alleged that the Information against Petitioner should be dismissed because the 1999 deportation had violated Petitioner's Due Process; therefore, both the subsequent deportation in 2002 and the present action were improper. The Motion to Dismiss is handwritten and dated January 6, 2009. The Motion to Vacate Judgment is predicated on Petitioner's counsel's failure to file Petitioner's Motion to Dismiss. The Motion to Vacate Judgment alleges that Mr. Thompson did not file the Motion to Vacate Judgment in order to "cover up" an alleged "mistake" of Petitioner's prior counsel, Mr. Humy. ECF No. 42 at p. 3. The Amendment to the Motion to Vacate asserts that Petitioner's entry of his guilty plea was not knowingly and intelligently entered because he was not given his immigration "A" file so that he could search through it for possible remedies. In the Declaration Petitioner attached to the Amendment, Petitioner also alleged that Mr. McNair Thompson told Petitioner that Petitioner would only be sentenced in a range between 6 and 24 months. ECF No. 43.

The Court entered Judgment on February 6, 2009. The same day, Petitioner filed a Notice of Appeal in the Ninth Circuit. ECF Nos. 44, 45. On March 4, 2009, Judge Fogel entered an Order denying Petitioner's Motion to Dismiss and his Motion to Vacate Judgment, finding: "the most appropriate characterization of [Petitioner's] motions are as motions for relief under 28 U.S.C. § 2255" and that as Petitioner had an appeal pending, judicial economy dictated that the Court should deny the motions without prejudice to the filing of an appropriate § 2255 motion after the appeal was resolved. ECF No. 49.

Mr. Thompson made a motion in front of the Ninth Circuit to be relieved as counsel. By Order of March 5, 2009, the Ninth Circuit granted that motion. On appeal Petitioner's new counsel argued in part that the district court had erred by enhancing Petitioner's sentence under 18 U.S.C. § 1326(b) because the government never provided the Court with the statute of his prior conviction, and that it was unreasonable for the Court to have imposed the 16-level enhancement due to the

7
Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

age of the conviction. *See* Exhs. G and H. to Answer (Appellant's Opening and Supplemental Briefs). The Ninth Circuit took judicial notice of the abstract of judgment for Petitioner's 1981 conviction for assault with a deadly weapon in violation of California Penal Code § 245(a), and held that his conviction was "a categorical felony crime of violence that qualified [Petitioner] for a sentencing enhancement under section 1326(b)." ECF No. 58, at p.2. The Ninth Circuit denied Petitioner's appeal and affirmed his sentence. *United States v. Hernandez-Oregel*, 398 Fed. App'x 260 (9th Cir. 2010). This § 2255 Petition followed.

## II.   DISCUSSION

### A.   Standard of Review

A motion to set aside, correct or vacate a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C § 2255. Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). A court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the record, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989), *cert. denied*, 493 U.S. 869 (1989); *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *see also United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004). While a petitioner is not required to allege facts in detail, he must make factual

8
Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

allegations. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Accordingly, an evidentiary hearing is required only if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. *Howard*, 381 F.3d at 877.

### B. Ineffective Assistance of Counsel

A petitioner's claim of ineffective assistance of counsel is governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on such a claim, Petitioner must show that: (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases; and (2) that Petitioner was prejudiced by counsel's representation[11]. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. In order to demonstrate prejudice, Petitioner must "show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The *Strickland* test also applies to claims that a guilty plea was not knowing and voluntary. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In that case, Petitioner must demonstrate that there is a reasonable probability that, but for counsel's alleged errors and coercion, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

Petitioner asserts two separate grounds for relief. First he asserts that he "was not inclined to plead guilty" and that counsel threatened to withdraw his representation if Petitioner did not plead guilty. Petitioner argues that he felt coerced by the alleged threat of withdrawal, and so pled guilty. Petitioner next asserts that counsel erred in not challenging the Court's inclusion of the 16-

---

[11] The Court need not inquire into any alleged deficiencies in counsel's performance if the Petitioner has failed to make a sufficient showing of prejudice, and the Court may dispose of the claim on the ground of lack of prejudice if it is easier to do so. *Strickland v. Washington*, 466 U.S. at 697.

9

Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

level enhancement for a prior crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) in the Court's determination of Petitioner's guidelines sentencing range.

### 1. Alleged Coercion to Plead Guilty

In his Petition filed on November 28, 2011, Petitioner asserted only the single ground of ineffective assistance of counsel discussed below, which is based on counsel's alleged failure to object to the sentencing enhancement imposed by the Court for Petitioner's prior conviction. In his Memorandum filed on March 5, 2012, Petitioner raises for the first time a claim that his plea was not voluntarily entered into, but rather was a product of coercion by his counsel. ECF No. 67, Memorandum at p. 6.

A guilty plea which is in fact the product of coercion, and therefore not voluntary, is void. *Machibroda v. United States*, 368 U.S. 487, 493 (1962). *Cf. Brady v. United States*, 397 U.S. 742, 748 (1970)("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences").

At the change of plea hearing, Petitioner swore under oath that his plea of guilty was voluntary, and not the product of coercion. *See Plea Transcript* at 6:11-19. While not insurmountable, the plea record constitutes a formidable barrier to a collateral attack on a guilty plea based on involuntariness, and overcoming that barrier requires more than conclusory allegations. *Blackledge v. Allison*, 431 U.S. 63, 64 (1977).

Petitioner makes several allegations of threats by his counsel. Specifically, Petitioner claims that he was "not inclined" to plead guilty and that counsel "badgered" him into entering a guilty plea. Memorandum at p. 6. Petitioner claims that counsel threatened that if Petitioner did not accept the plea agreement, things would "go badly" for him and that the government would bring additional charges. He further asserts that counsel threatened to withdraw from the case if

10

Petitioner did not "accept the plea agreement that [counsel had] worked so hard to negotiate." Petitioner states that "had it not been for counsel's threats to withdraw from the criminal case had [sic] against him, he would have proceeded to trial rather than have pled guilty. . .." *Id*.

The Court finds that Petitioner's claims of threats by his counsel lack any factual support. Petitioner's argument is fatally flawed in that he claims he was allegedly coerced into accepting a plea agreement when no such agreement existed. The record before the Court clearly demonstrates that the government withdrew any potential plea offer prior to Mr. Thompson's representation of Petitioner. Furthermore, at the change of plea, Petitioner entered an "open" plea and upon specific questioning by the Court clearly acknowledged that he understood that he was doing so. In the absence of any independent corroboration, Petitioner's statements that counsel threatened to withdraw unless he accepted the non-existent plea agreement are palpably incredible, and the Court credits counsel's declaration that such conversations did not take place.

At the entry of plea and also at sentencing, Petitioner had ample opportunity to complain to the Court of any alleged coercion and did not do so. The Court even specifically asked Petitioner as part of the plea colloquy whether anyone was threatening him to enter his guilty plea, and Petitioner answered under penalty of perjury that no one was threatening him and that his decision was "free and voluntary." Sentencing Transcript at 6:11-18.

Moreover, even were the Court to accept the facts as Petitioner proffers them, his position is distinguishable from the sole Ninth Circuit decision upon which he relies, *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). In *Iaea*, the Court found that Iaea was "demonstrably reluctant" to plead guilty. *Id*. Iaea's counsel employed a variety of arguments and tactics to convince Iaea to accept the plea bargain offered to him by the prosecution. Counsel told Iaea on several occasions that there was a good chance of Iaea getting probation if Iaea accepted the plea bargain. When Iaea still did not appear receptive to the plea bargain, Iaea's counsel threatened to withdraw from Iaea's

11
Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

case. Defense counsel also put pressure on Iaea to accept the plea bargain through Iaea's brother, on whom Iaea relied for help and guidance. Counsel even encouraged Iaea's brother to threaten to withdraw the bail which Iaea's brother had posted if Iaea did not plead guilty. Additionally, the Court noted the importance of the fact that defense counsel was not merely his appointed counsel, but a lawyer specifically chosen by Iaea to replace a lawyer who was unwilling to try his case. The Court in *Iaea* found that the totality of these facts were sufficient to require an evidentiary hearing on the issue of coercion. *Id*. at 866-67.

In contrast, the Court finds that the record here does not demonstrate that at any point Petitioner indicated that he wished to go to trial, although Petitioner had opportunities to do so at the two status conferences prior to his change of plea, as well as at his change of plea hearing. During the plea colloquy, Petitioner specifically acknowledged that he was giving up his right to a trial. Plea Transcript at 9: 8-13. Nor is there any evidence before the Court of any additional pressure being brought to bear on Petitioner beyond the conversations which Petitioner alleges in his Declaration. Moreover, Mr. Thompson was appointed counsel, and there is no indication of any special relationship between Petitioner and counsel which would have made such a threat have greater significance.[12]

This Court, reviewing all of Petitioner's allegations on the issue of coercion, finds the allegations to be conclusory and also both insufficient in detail and not sufficiently credible to warrant an evidentiary hearing.[13] The Court further finds that the totality of evidence before the Court does not support Petitioner's claim that his plea was involuntary and that his due process

---

[12] If anything, the recitation in Petitioner's Declaration of his interactions with his counsel is more consistent with facts defendants usually allege in a request for the Court to appoint new counsel, rather than being indicative of some tremendous sway counsel would have had over his client to force him to plead guilty by threatening to withdraw.
[13] *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)(no need for evidentiary hearing where record makes allegations not credible).

12
Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

rights were violated.[14] Therefore, the Court finds that there is no basis for voiding Petitioner's guilty plea based on coercion.

### 2.      Ineffective Assistance of Counsel at Sentencing

Petitioner claims that counsel was ineffective at his sentencing in three separate ways. Petitioner first alleges that his counsel did not investigate the "possibility" that his 1981 assault conviction was invalid. The Court credits Mr. Thompson's statement in his Declaration that he did investigate the validity of the prior conviction. Moreover, Petitioner has not provided this Court with any documents or even any reason to call the validity of his 1981conviction into question. In his 2009 Appeal of the instant conviction Petitioner argued only that the 1981 conviction was too old to have been considered, implicitly acknowledging the validity of the conviction. Finally, in its Order denying Petitioner's direct appeal of his conviction, the Ninth Circuit accepted as judicially noticeable the extract of Petitioner's 1981 conviction, which this Court finds serves as further evidence of a valid conviction. Thus, there is no error on the part of Petitioner's counsel.

Petitioner next argues that counsel erred in not challenging the Court's addition of the 16-level enhancement for a prior crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) in the Court's determination of Petitioner's Guidelines sentencing range. Petitioner argues that the California Penal Code section 245(a) under which he was convicted was a general crime statute; therefore, it was error for the Court to use the conviction as the basis for an enhancement and consequently error for his counsel not to have objected to the Court's inclusion of the conviction in its total offense level calculation.

---

[14] Petitioner makes reference to an undated Motion to Dismiss for Ineffective Assistance of counsel that Petitioner withdrew. Petitioner's Memorandum in Support at pp. 11-12. There is no record of any such motion on the docket, other than the one filed after Petitioner was sentenced, and as noted above, that Motion had nothing to do with alleged coercion by counsel or even alleged failure by counsel to have objected to the 16 level enhancement at sentencing.

13
Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Respondent counters that the Court's reliance on the prior conviction and determination that the conviction was a qualifying offense for the enhancement was entirely proper. Consequently, there was no error on the part of Petitioner's counsel, let alone an error sufficient under *Strickland*. While not raised in the context of an ineffective assistance of counsel claim, the underlying bases for Petitioner's current claims have already been reviewed by the Ninth Circuit as part of Petitioner's direct appeal. The Ninth Circuit's factual and legal findings on the Appeal are relevant here.

A defendant convicted of illegal reentry under 18 U.S.C § 1326 is assigned a BOL of 8. Due to his many undisputed prior convictions, Petitioner acknowledges that he would have seen some level of increase in his BOL. Petitioner asserts however, that his BOL should only have been increased by 4 or 8 levels at most, and not the 16 levels it was enhanced by the Court pursuant to Sentencing Guidelines § 2L1.2(b)(1)(A) based on Petitioner's 1981 conviction for assault with a deadly weapon. The 16-level enhancement gives rise to a higher Guidelines sentencing range than the 4 or 8 level enhancements would have. Under *Booker*, despite a lower Guidelines sentencing range, the Court still could have sentenced Petitioner to a sentence of 90 months. Nonetheless, Petitioner argues that inclusion of the 16-level enhancement leading to a higher Guidelines sentencing range was prejudicial to him.

Section 2L1.2(b)(1)(A) provides in pertinent part that: if the defendant previously was deported or unlawfully remained in the United States after "a conviction for a felony that is . . . (ii) a crime of violence or a drug trafficking offense. . ., increase [BOL] by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A). A crime of violence is defined to specifically include under federal, state or local law "aggravated assault" or any other offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). For the court to apply the enhancement it is to consider whether the offense used to

14
Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

apply the enhancement is "categorically a crime of violence by assessing whether the full range of conduct covered by the statute does indeed fall within the meaning of that term." *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *see also United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009).

At the time Petitioner was charged and convicted in 1981, California Penal Code Section 245(a) read in relevant part: "Every person who commits an assault upon the person of another with a deadly weapon or instrument or by means of force likely to produce great bodily injury is punishable by imprisonment. . . ." *People v. Jones*, 123 Cal.App.3d (1981)(quoting then-current California Penal Code Section 245(a)). An "assault" was defined as "an unlawful attempt, coupled with the present ability, to commit a violent injury on the person of another." *Id.* (citing *People v. Rocha*, 3 Cal.3d 893 (1971), *abrogated on other grounds by People v. Aznavoleh*, 210 Cal.App.4th 1181, 1189 (2012). Therefore, "violence" is an element of the offense and the full range of conduct covered by the statute under which Petitioner was convicted would fall within the meaning of a "crime of violence."

Moreover, the Ninth Circuit has already made this specific finding in the order denying Petitioner's direct appeal of his sentence. *See United States v. Hernandez-Oregel*, 398 Fed. App'x 260 (9th Cir. 2010)("We take judicial notice of the abstract of judgment for Hernandez-Oregel's 1981 conviction for assault with a deadly weapon, in violation of California Penal Code § 245(a), a categorical felony crime of violence that qualified Hernandez-Oregel for a sentencing enhancement under section 1326(b)") (citations omitted). Independent of this Court's finding that Petitioner's prior crime was a crime of violence, the Ninth Circuit's holding that the 16-level enhancement was appropriate, vitiates in its entirety Petitioner's claim of ineffective assistance of counsel for failing to contest the 16-level enhancement, as failure to raise a meritless claim does not constitute ineffective assistance of counsel. *See Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001).

15
Case No.: 08-CR-00166-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Finally, Petitioner argues that his counsel should have demanded that the government tender "*Shepherd*-approved" documents to establish the prior conviction. Petitioner's reference to *Shepherd v. United States*, 544 U.S. 13 (2005), is inapposite in two ways. First, the requirements of *Shepherd* documentation come into play only when a crime is not a categorical felony crime of violence, and again Petitioner's crime here was categorically a crime of violence. Second, in its Order, the Ninth Circuit rejected Petitioner's contention "that the district court erred by enhancing his sentence under 18 U.S.C. § 1326(b) because the government never provided the court with the statute of his prior conviction." *United States v. Hernandez-Oregel*, 398 Fed. App'x at 260.

The Court finds that Petitioner has not met his burden of demonstrating objectively unreasonable representation by counsel in any of his two claims regarding ineffective assistance of counsel.

### III.   CONCLUSION

In sum, neither of Petitioner's grounds for habeas relief has merit. Petitioner has failed to demonstrate that he entered his guilty plea as a result of coercion by his counsel, nor has he demonstrated deficient performance of his counsel at sentencing under *Strickland*. For the reasons stated above, Petitioner's Motion to Set Aside, Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255 is DENIED WITH PREJUDICE. No certificate of appealability shall issue, as Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment against the Petitioner and in favor of the Respondent. The Clerk shall further close the case file in Case No. 11-CV-5753-LHK.

**IT IS SO ORDERED.**

Dated: March 24, 2015

_____
LUCY H. KOH
United States District Judge